MILDRED LYNCH, PLAINTIFF IN ERROR, v. PUBLIC SERV-
ICE RAILWAY COMPANY, DEFENDANT IN ERROR.

Argued November Term, 1911—Decided November 19, 1912.

On motion for allowance of costs.

For the motion, *Benjamin M. Weinberg.*

*Contra, Lefferts S. Hoffman.*

PER CURIAM.

Upon the trial of this case a judgment resulted in favor of the defendant. A review being had in this court that judgment was reversed and a *venire de novo* awarded. The plaintiff now asks to be allowed to have her costs of suit in this court taxed against the defendant.

Prior to the passage of the act of April 8th, 1910, entitled "An act concerning the fees and costs, and the taxation thereof, in the courts of law in this state" (*Pamph. L., p.* 211), no costs were recoverable in this court on the reversal of a judgment, and the award of a *venire de novo. Lehigh Valley Railroad Co.* v. *McFarland,* 15 *Vroom* 674. By force of the first section of that act (which was re-enacted May 2d, 1911, *Pamph. L., p.* 756) the prevailing party on the review of a judgment at law in this court is entitled to costs, except where otherwise provided by law, unless we shall otherwise order. *International Watch Co.* v. *Delaware, Lackawanna and Western Railroad Co.,* 53 *Vroom* 459. The present application is, consequently, addressed to the discretion of the court.

The judgment brought up for review was reversed for error committed by the trial court. Neither party, of course, was responsible for the erroneousness of the ruling which necessitated the reversal. Both parties suffered from it by being put to expense which otherwise they would not have been compelled to incur. The statute, by conferring power upon

this court to withhold costs from the successful party, contemplates that cases will arise in which such power should be exercised.  We think that a case in which the reversal is due solely to a mistake made by the trial judge, and does not finally determine any issue between the parties, but leaves them just as they were before the trial was had, except that they have both been compelled to expend, without benefit to themselves, considerable sums of money, is a proper one in which to exercise such power.

The application of the plaintiff is denied.